UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

BRIAN HARRIS,

                       Plaintiff,

      -against-

Lieutenant ANGEL LEON; Detective KRISTEN SWINKUNAS (Shield # 2190); Police Officer ANTONELLA JIMENEZ (Shield # 5209); and NYPD Members of Service john does #1-3,

                       Defendants.
------------------------------------------------------------x

**ANSWER TO THE COMPLAINT**

JURY TRIAL DEMANDED

20 Civ. 10864 (LGS)

       Defendants Lieutenant Angel Leon, Detective Kristen Swinkunas, and Police Officer Antonella Jimenez, by their attorney, Georgia M. Pestana, Acting Corporation Counsel of the City of New York, for their answer to the Complaint, dated December 23, 2020 ("complaint"), respectfully allege as follows:

       1.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the complaint, except admit upon information and belief that plaintiff's son was in the hospital with a gunshot wound.

       2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff was tased and later handcuffed.

       3.     Deny the allegations set forth in paragraph "3" of the complaint.

       4.     Deny the allegations set forth in paragraph "4" of the complaint.

       5.     Deny the allegations set forth in paragraph "5" of the complaint.

       6.     Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to base jurisdiction as stated therein.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that plaintiff purports to base venue as stated therein.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Admit the allegations set forth in paragraph "9" of the complaint insofar as on September 2, 2020, Angel Leon was employed by the City of New York as a police lieutenant and was assigned to the 26th Precinct.

10. Admit the allegations set forth in paragraph "10" of the complaint insofar as on September 2, 2020, Kristen Swinkunas was employed by the City of New York as a police detective and was assigned to the 26th Precinct.

11. Admit the allegations set forth in paragraph "11" of the complaint insofar as on September 2, 2020, Antonella Jimenez was employed by the City of New York as a police officer and was assigned to the 26th Precinct.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that plaintiff purports to sue the individual defendants in their individual capacities.

14. Paragraph 14 purports to demand a trial by jury, to which no response is required.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint, except admit that a vehicle was parked at or near the hospital.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint to the extent that they allege what plaintiff could see, except admit that a door of the vehicle was open and there appeared to be blood inside of the vehicle.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint, except admit that there were police officers in the area.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint, except admit that plaintiff approached the officers and spoke to them.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint, except admit that police instructed plaintiff to get away from the vehicle.

24. Deny the allegations set forth in paragraph "24" of the complaint, except admit that a supervising officer gave instructions to tase plaintiff.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint, except admit that plaintiff was tased.

26. Deny the allegations set forth in paragraph "26" of the complaint, and respectfully refer the Court to the NYPD patrol guide referenced therein for a full recitation of its contents.

27. Deny the allegations set forth paragraph "27" of the complaint and all of its subparts, and respectfully refer the Court to the NYPD patrol guide referenced therein for a full recitation of its contents.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint, except admit that plaintiff fell to the ground.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint, except admit that medical personnel responded to the scene.

41. Admit the allegations set forth in paragraph "41" of the complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the complaint, except admit that medical personnel responded to the scene and plaintiff was placed into a wheelchair.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the complaint, except admit that plaintiff was handcuffed while at the hospital.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the complaint, except admit that plaintiff was transported to the 26th Precinct.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint, except admit that plaintiff spent a period of time at the precinct.

49. Deny the allegations set forth in paragraph "49" of the complaint, except admit that plaintiff was released from the precinct with a desk appearance ticket.

50. Admit the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint, and respectfully refer the Court to the document referenced therein for a full recitation of its contents.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the complaint, except admit that the charges were adjourned in contemplation of dismissal.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the complaint.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the complaint.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the complaint.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. In response to the allegations set forth in paragraph "59" of the complaint, defendants repeat and reallege the responses in the previous paragraphs as if fully set forth herein.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Paragraph "61" of the complaint sets forth conclusion of law, to which no response is required.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. In response to the allegations set forth in paragraph "63" of the complaint, defendants repeat and reallege the responses in the previous paragraphs as if fully set forth herein.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Paragraph "65" of the complaint sets forth conclusion of law, to which no response is required.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. In response to the allegations set forth in paragraph "67" of the complaint, defendants repeat and reallege the responses in the previous paragraphs as if fully set forth herein.

68. Deny the allegations set forth in paragraph "68" of the complaint.

69. Paragraph "69" of the complaint sets forth conclusion of law, to which no response is required.

70. Deny the allegations set forth in paragraph "70" of the complaint.

<u>**FIRST AFFIRMATIVE DEFENSE**</u>

71. The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

72. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

## THIRD AFFIRMATIVE DEFENSE

73. There was probable cause for plaintiff's seizure and arrest.

## FOURTH AFFIRMATIVE DEFENSE

74. If plaintiff was stopped by NYPD officers, they had reasonable suspicion to do so.

## FIFTH AFFIRMATIVE DEFENSE

75. Plaintiff failed to mitigate his alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

76. The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, they are entitled to qualified immunity.

## SEVENTH AFFIRMATIVE DEFENSE

77. At all times relevant to the acts alleged in the complaint, the City defendants acted reasonably in the proper and lawful exercise of their discretion.

## EIGHTH AFFIRMATIVE DEFENSE

78. Plaintiff provoked or was at fault for the alleged incident.

## NINTH AFFIRMATIVE DEFENSE

79. Plaintiff cannot obtain punitive damages against the City of New York.

- 9 -

**WHEREFORE**, defendants Lieutenant Angel Leon, Detective Kristen Swinkunas, and Police Officer Antonella Jimenez demand judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: March 19, 2021
      New York, New York

GEORGIA M. PESTANA
Acting Corporation Counsel of the
City of New York
*Attorney for defendants Lieutenant Angel Leon, Detective Kristen Swinkunas, and Police Officer Antonella Jimenez*
100 Church Street
New York, New York 10007
(212) 356-5044
carko@law.nyc.gov

By:    /s/ *Christopher G. Arko*
      CHRISTOPHER G. ARKO
      Senior Counsel

To:    Douglas E. Lieb, Esq. *(via ECF)*
      Alanna Kaufman, Esq. (*via ECF*)
      *Attorneys for Plaintiff*