

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**EVAN J. GOTTSTEIN**
*Assistant Corporation Counsel*
egottste@law.nyc.gov
Phone: (212) 356-2262
Fax: (212) 356-3509

February 28, 2023

**BY ECF**
Hon. Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:  <u>Brian Harris v. City of New York, et al.</u>, 20 Civ. 10864 (LGS)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney for defendants in the above-referenced matter. Defendants write to respectfully request that the Court bifurcate liability and damages for the purposes of both discovery and trial in this matter.

      By way of background, plaintiff alleges that defendants subjected him to excessive force on September 2, 2020, when they resorted to tasing him one time after he refused several commands to step away from his vehicle, which was an active crime scene concerning a recent shooting, resisted officers' attempt to handcuff him without force, and ignored a warning that he would be tased if he did not step away. The parties completed fact discovery in 2021, and the Court stayed expert discovery, including depositions of treating physicians during the pendency of defendants' motion for summary judgment. On February 16, 2023, the Court entered an Opinion and Order granting summary judgment in favor of all individual defendants but denying summary judgment on plaintiff's state law *respondeat superior* claim against the City. Specifically, the Court found that defendants were entitled to qualified immunity because the force used was not clearly established as unconstitutional, but there was at least a triable issue of fact as to the objective reasonableness of the force used. At this stage in the litigation, bifurcation would be the most prudent course.

      Courts have broad discretion under Rule 42(b) of the Federal Rules of Civil Procedure to bifurcate separate issues or claims "[f]or convenience, to avoid prejudice, or to expedite and economize . . . ." Fed. R. Civ. P. 42(b). *See also Ricciuti v. New York City Transit Auth.*, 796 F. Supp. 84, 86 (2d Cir. 1999). "[B]ifurcation may therefore be appropriate where the evidence offered on two different issues will be wholly distinct . . . where litigation of one issue may obviate

the need to try another issue . . .," *see Vichare v. AMBAC, Inc.*, 106 F.3d 457, 466 (2d Cir. 1996), or "where one party will be prejudiced by evidence presented against another." *Amato v. City of Saratoga Springs*, 170 F.3d 311, 316 (2d Cir. 1999). To prevail on a bifurcation motion, a party need only establish the presence of *one* of these conditions. *Ricciuti*, 796 F. Supp. at 86; *Amato v. City of Saratoga Springs*, 972 F. Supp. 120, 124 (N.D.N.Y. 1997) ("the court could order bifurcation upon a showing of merely one of these factors"), *aff'd*, 170 F.3d 311 (2d Cir. 1999). The decision to bifurcate is "firmly within the discretion of the trial court." *Katsaros v. Cody*, 744 F.2d 270, 278 (2d Cir. 1984). Bifurcation is appropriate where the issues to be separated are distinct, involve different types of proof, and where separation will not engender duplication of testimony and evidence. *Id.*[1]

Considerations of efficiency and convenience weigh strongly in favor of bifurcating liability from damages. This is a highly straightforward case; the jury need only determine the issue of whether it was objectively reasonable for defendant Baltzer to deploy a taser one time at plaintiff, who was significantly larger than the defendants, disregarded several verbal commands to move away from an active crime scene in a shooting investigation, physically resisted an officer's attempt to place him in handcuffs, and ignored a warning that he would be tased if he did not comply. Defendants estimate that trial on this question would last no more than two to three days. Trying damages, on the other hand, will require significant time and money given that plaintiff alleges that he was required to have wrists surgery as a result of his injuries from being tased a single time. Plaintiff has also listed at least *four* treating professionals in his Rule 26 disclosures and discovery responses, as well as "[a]ny other treating professionals identified in Plaintiff's medical records." Although plaintiff represents that he does not intend to separately retain any experts pursuant to Rule 26(a)(2), he has not indicated how many "treating professionals" he intends to call at trial. Similarly, plaintiff testified in his deposition, in sum and substance, that he did not feel any pain or have any problems with his wrist immediately after he was tased or in the days and weeks that followed, but now he claims that his wrist was so severely injured that he required surgery months after the incident, so defendants may need to retain and call a rebuttal expert on the issue of causation. On top of this, plaintiff also intends to pursue economic damages for lost wages based on not working overtime after his surgery, and he has disclosed at least one witness from his employer whom he may call to testify on this issue. Not only would the damages issue require additional witnesses, but it would also require a substantial mass of documentary evidence to be introduced and explained at trial, including multiple pay stubs and medical records, of which there have been over 150 pages produced in discovery.

The issues of liability and damages are easily separable. In a case alleging assault and battery (via *respondeat superior*) based on the use of a taser, the jury need only determine whether the force was objectively reasonable based on the facts and circumstances confronting the officer(s) at the time they decided to use the force against plaintiff. *See Graham v. Connor*, 490 U.S. 386, 397 (1989). The extent of plaintiff's alleged injuries *after* the force was used is not relevant to the question of liability. Additionally, bifurcation will not "engender duplication of testimony and evidence," *Katsaros*, 744 F.2d at 278, because plaintiff himself is conceivably the

---

[1] Alternatively, the Court has authority under Fed. R. Civ. P. 16(c)(2)(F), (L), (M), and (P) to stage discovery and sequence the order of trial to facilitate the just, speedy, and inexpensive disposition of the action.

only fact witness who would also have relevant testimony about damages. None of the defendants have knowledge of plaintiff's alleged damages, and none of plaintiff's treating physicians or economic damages witnesses would have relevant testimony on the issue of liability. Further, presenting evidence of plaintiff's wrist surgery and missed time from work might well prejudice defendants on the liability case. *See* Fed. R. Evid. 403; *Amato*, 170 F.3d at 316. Lastly, any remaining discovery, including expert disclosures and depositions, can be avoided altogether if the liability issue is determined in advance of damages. *See, e.g.*, *Lopez v. City of New York*, No. 17-CV-0181 (LAP) (S.D.N.Y.), ECF Nos. 19, 126 (bifurcating liability and damages for purposes of discovery and trial where only claims for trial arose under state law for assault and battery).

The most prudent, efficient, and expeditious course of action would be to bifurcate liability and damages for purposes of both discovery and trial. Thus, defendants respectfully move for bifurcation of liability and damages under Rules 42(b) and 16(c)(2) and request a final case management conference pursuant to Section IV.B.1 of Your Honor's Individual Rules and Procedures for Civil Cases.

Defendants thank the Court for its consideration of this application.

Respectfully submitted,

*Evan J. Gottstein*          /s/
Evan J. Gottstein
Assistant Corporation Counsel

cc:   Doug Lieb, Esq. (by ECF)
      Alanna Kaufman, Esq. (by ECF)
      *Attorneys for Plaintiff*

Application **DENIED**. The parties agree this is a straightforward case. For the reasons stated in Plaintiff's letter of March 1, 2023, evidence as to damages will not substantially affect the scope of discovery and trial. Bifurcating trial into liability and damages phases would not serve "convenience, ... avoid prejudice, or ... expedite and economize" proceedings. Fed. R. Civ. P. 42(b).

The parties shall complete expert discovery by **April 14, 2023**. No later than **April 21, 2023**, the parties shall file a joint letter regarding settlement. Such a letter shall include a statement of whether the parties request a referral for settlement discussions before Magistrate Judge Lehrburger or through the SDNY Mediation program. A case management conference will be held on **April 26, 2023, at 4:10 P.M.** Such conference will be telephonic and will take place on the following line: 888-363-4749, access code: 558-3333. So Ordered.

The Clerk of Court is respectfully directed to calendar a case management conference for April 26, 2023, at 4:10 P.M. and to close the motion at Dkt. 78.

Dated: March 2, 2023
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

3