UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN HARRIS,<br><br>       Plaintiff,<br><br> -against-<br><br>CITY OF NEW YORK,<br><br>       Defendant. | No. 20 Civ. 10865 (LGS) |

**JOINT FINAL PRETRIAL ORDER**

The parties to the above-captioned action submit this joint final pretrial order pursuant to § I.A.5 of the Court's Individual Trial Rules.

**A. Caption**

The full current caption, including all remaining parties, is set forth above.

**B. Counsel**

*Trial counsel for Plaintiff*:

Alanna Kaufman (akaufman@kllf-law.com, 301.943.9262 (cell))
Doug Lieb (dlieb@kllf-law.com, 914.588.3611 (cell))
Kaufman Lieb Lebowitz & Frick LLP
18 East 48th Street, Suite 802
New York, NY 10017
(212) 660-2332 (office)

*Trial counsel for Defendant:*

Evan J. Gottstein
Assistant Corporation Counsel
New York City Law Department
100 Church Street, Rm. 3-189
New York, New York 10007
Tel: (212) 356-2262
Email: egottste@law.nyc.gov

Defendant will designate additional co-counsel for trial as trial approaches.

C.   **Summary of Jurisdiction**

Subject-matter jurisdiction originally existed under 28 U.S.C. § 1331 because Plaintiff asserted federal constitutional claims. Supplemental jurisdiction existed over Plaintiff's state-law claims under 28 U.S.C. § 1367(a). After the Court granted summary judgment to the individual officers on the federal constitutional claims on the basis of qualified immunity, the Court exercised its discretion under 28 U.S.C. § 1367(c) not to relinquish supplemental jurisdiction over the state-law claims.[1]

D.   **Summary of Claims and Defenses**

Plaintiff's remaining claims to be tried are for common-law battery and common-law assault against Defendant City of New York, which is liable under *respondeat superior* for any torts committed by its police officers within the scope of their employment.

Defendant's remaining defenses to be tried are:

- Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct and was not the proximate result of any act of Defendant.
- Plaintiff provoked or was at fault for the alleged incident.[2]
- Plaintiff failed to mitigate his alleged damages.
- At all time relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable

---

[1]   All parties reserve all appellate rights with respect to the Court's summary judgment decision.

[2]   Plaintiff does not believe that this is a defense remaining to be tried because provocation is not a defense to battery or assault.

2

exercise of proper and lawful discretion.  Therefore, Defendant City is entitled to governmental immunity.[3]

Plaintiff's previously asserted Fourth Amendment claims against the individual officers, which were dismissed are not to be tried.

The following previously asserted defenses will not be tried:

- The complaint fails to state a claim upon which relief can be granted.

- Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or any political subdivision therefor, nor have defendants violated any Act of Congress providing for the protection of civil rights (all federal claims per 42 U.S.C. § 1983 have been dismissed).

- Punitive damages cannot be assessed against Defendant City (because Plaintiff is not seeking punitive damages at trial).

- There was probable cause for Plaintiff's seizure and arrest.

- There was reasonable suspicion for any stop of Plaintiff.

- Individual defendants are entitled to qualified immunity (because their motion for summary judgment was granted on this basis).

---

[3]     The defense of governmental immunity is reserved for the Court to determine, and thus this question should not be put before the jury. Defendant states that this was asserted as Defendant's Seventh Affirmative Defense in its Answer to the First Amended Complaint (ECF No. 31).

Plaintiff objects to any consideration of governmental immunity as unpleaded and not applicable to this case, *see, e.g.*, *Doe v. City of New York*, No. 18-CV-670, 2020 WL 108265, at *18 (collecting cases).

### E. Trial Length

Plaintiff requests three (3) days for trial.

Defendant estimates that two (2) to five (5) days will be needed for trial, depending on whether the Court grants Defendant's motions to bifurcate the damages and liability phases of the trial, and to preclude evidence of plaintiff's extensor carpi ulnaris subsheath tendosynovitis and instability (which would also preclude the testimony of Joseph Rosenbaum and Iris Wright).

Both parties agree that this case is to be tried to a jury.

### F. Trial By Magistrate

All parties have **not** consented to trial by a magistrate judge.

### G. Witness Lists

**Plaintiff's Witness List**

*Witnesses Plaintiff Genuinely Intends to Call in His Case-in-Chief*

1. **Brian Harris** (live, approx. two hours) – Mr. Harris, the Plaintiff, is expected to testify about the context, facts, and circumstances of the incident; his physical, mental, and emotional injuries; the resulting consequences for his employment and income.

2. **Joy Harris** (live, approx. one hour) – Ms. Harris, the Plaintiff's ex-wife, is expected to testify about the context of the incident, her observations of the incident, and Plaintiff's mental and emotional injuries.[4]

3. **Police Officer Maxwell Baltzer** (live, approx. 30 minutes) – Officer Baltzer, who use the taser against Plaintiff, is expected to testify about the facts and circumstances of the incident and the reasons he used the taser.

---

[4] Defendant objects to Plaintiff calling Joy Harris on the grounds that (1) she did not witness Plaintiff's arrest, Officer Baltzer's use of the taser, or any of the events from the time the Plaintiff first encountered the officers until he was secured in handcuffs, and (2) any testimony Mrs. Harris could provide about Plaintiff's alleged mental and emotional injuries would be needlessly cumulative and a waste of time given that the Plaintiff will already be testifying about his own alleged mental and emotional injuries. *See* Fed. R. Evid. 403.

4. **(Retired) Lieutenant Angel Leon** (live, approx. 30 minutes) – Lieutenant Leon, who ordered the deployment of the taser against Plaintiff, is expected to testify about the facts and circumstances of the incident and the reasons he ordered the use of the taser.

5. **Joseph A. Rosenbaum, M.D.** (live, approx. one hour) – Dr. Rosenbaum, an orthopedic surgeon, is expected to testify about his diagnosis and treatment of Plaintiff, including the reasons he recommended that course of treatment and authentication of records if needed.[5]

*Witnesses Plaintiff May Call If the Need Arises*

1. **Detective Kristen Swinkunas** (live, approx. 30 minutes) – Detective Swinkunas was a witness to the incident and may testify about the facts and circumstances thereof. She also processed Plaintiff's subsequent arrest and may testify about statements made during the arrest processing.

2. **Police Officer Antonella Jimenez** (live, approx. 30 minutes) – Police Officer Jimenez was a witness to the incident and may testify about the facts and circumstances thereof. She also processed Plaintiff's subsequent arrest and may testify about statements made during the arrest processing.

3. **Lieutenant John Lane** (live, approx. 30 minutes) – Lieutenant Lane was a witness to the incident and may testify about the facts and circumstances thereof.

4. **Iris Wright, Deputy Director of Payroll, New York City Department of Sanitation** – To the extent necessary, Ms. Wright may testify about payroll practices of the New York City Department of Sanitation (Plaintiff's employer at the time of the incident), including overtime, pay differentials, and payroll processing.[6]

5. **Custodian of Records, WestMed Medical Group.** Authentication of records if needed.

6. **Custodian of Records, Motion PT Group.** Authentication of records if needed.

7. **Custodian of Records, New York City Office of Payroll Administration**. Authentication of records if needed.

---

[5]  Defendant objects to Plaintiff calling Dr. Rosenbaum on the grounds articulated in its motion *in limine*.

[6]  Defendant objects to Plaintiff calling Ms. Wright to testify, on the grounds articulated in its motion *in limine* to preclude Plaintiff from introducing evidence of his surgery and the overtime pay he alleges to have lost as a result.  *See* Def. Mem. in Support of Mot. in Limine, at Points II-III, n.5.

5

**Defendant's Witness List**[7]

*Witnesses Defendant Genuinely Intends to Call in Its Case-in-Chief*

1. **Police Officer Maxwell Baltzer** (live, less than 1 hour) – Facts and circumstances surrounding Plaintiff's arrest and the reasonable force that was used.

2. **(Retired) Lieutenant Angel Leon** (live, less than 1 hour) – Facts and circumstances surrounding Plaintiff's arrest and the reasonable force that was used.

3. **Lieutenant John Lane** (live, less than 1 hour) – Facts and circumstances surrounding Plaintiff's arrest and the reasonable force that was used.

*Witnesses Defendant May Call If the Need Arises*

4. **Detective Kristen Swinkunas** (live, less than 1 hour) – Facts and circumstances surrounding Plaintiff's arrest and the reasonable force that was used.

5. **Police Officer Antonella Jimenez** (live, less than 1 hour) – Facts and circumstances surrounding Plaintiff's arrest and the reasonable force that was used.

6. **Diana Velazquez, R.N.**, Mount Sinai Morningside (live, approx. 20 minutes) – Plaintiff's condition as he presented in the Emergency Department shortly after his arrest on September 2, 2020, and authenticity of records. [8]

7. **Nita Avrith, M.D.**, Mount Sinai Morningside (live, approx. 20 minutes) – Plaintiff's condition as he presented in the Emergency Department shortly after his arrest on September 2, 2020, and authenticity of records. [9]

---

[7] Defendant respectfully reserves the right to call any of Plaintiff's witnesses at trial. Defendant also reserves the right to not call any witness listed, depending upon the Court's rulings and other developments at trial. Defendant's listing of a witness is not a waiver of any objection to the Plaintiff presenting any testimony of that witness or other evidence on any subject matter.

[8] Plaintiff objects to Defendant calling Ms. Velasquez because the testimony will be cumulative and/or a waste of time, depending on whether Plaintiff's hospital records are admitted as evidence.

[9] Plaintiff objects to Defendant calling Dr. Avrith because the testimony will be cumulative and/or a waste of time, depending on whether Plaintiff's hospital records are admitted as evidence.

**H.     Written Discovery Responses To Be Offered in Evidence**

Neither party intends to offer any written discovery responses in evidence.

**I.     List of *In Limine* Motions**

*Plaintiff's Motions*

1.  Preclude Defendant from introducing evidence of Plaintiff's son's criminal history

*Defendant's Motions*

1.  Preclude Plaintiff from commenting on why the individual officers are not defendants.

2.  Preclude Plaintiff from offering evidence of the NYPD Patrol Guide.

3.  Preclude Plaintiff from testifying as to his wrist injury diagnosis and causation of a wrist injury.

4.  Preclude the testimony of Dr. Joseph A. Rosenbaum, who cannot offer any admissible expert opinion testimony about the cause of Plaintiff's alleged wrist injury.

5.  Bifurcate the issues of liability and damages at trial.

6.  The Court should instruct the jury that Plaintiff's arrest was lawful.

7.  Preclude Plaintiff from questioning the officers about any disciplinary or litigation histories or any prior acts.

8.  Preclude Plaintiff from referring to other instances of unrelated police actions, unrelated lawsuits, other unrelated police-related events reported in the media, and from using inflammatory terminology during statements such as "send a message."

9.  Preclude Plaintiff from suggesting a specific dollar amount for damages to the jury, except where a specific dollar amount is supported by some non-speculative evidence.

**J.     Exhibit Lists**

*Plaintiff's Exhibits*[10]

| Exhibit | Description | Objections | Subject of motion in limine? |
|---|---|---|---|
| PX2 | NYPD Patrol Guide Section on Use of Conducted Electrical Weapons (CEW) (DEF_245-54)* | Rules 402, 403, 802 | Yes |
| PX3 | Body-worn camera video of incident (DEF_054)* | Rules 402, 403 (depending on which portions of video Plaintiff intends to introduce) | No |
| PX5 | Police Officer Baltzer TRI Report (DEF_021-23)* | Rules 403, 802 | No |
| PX11 | Criminal complaint (DEF_042-43)* | Rules 402, 403, 802 | No |
| PX12 | Body-worn camera video of aftermath of incident (DEF_055)* | Rules 402, 403 (depending on which portions of video Plaintiff intends to introduce) | No |
| PX16 | Lieutenant Leon text messages (DEF_443-45)* | Rules 402, 403, 802 | No |
| PX18 | City Human Resource Management System Check-to-Check Comparisons (DEF_265-84)* | Rules 402, 403, 802 | Yes |
| PX19 | EStubs Payment Summary (PL_108-113)* | Rules 402, 403, 802 | Yes |
| PX21 | Photo of Removed Taser Probes (DEF_301)* | Rules 402, 403 | Yes – bifurcation only |

---

[10] These exhibits are nonconsecutively numbered to preserve the numbering used at depositions, so that any deposition testimony used for impeachment refers to relevant exhibits in a consistent manner.

Defendant requests that Plaintiff's exhibits will be numbered from 1-17, to avoid confusing the jury.

| PX22 | Photo of Plaintiff's Abdomen (DEF_302)* | Rules 402, 403 | Yes – bifurcation only |
| --- | --- | --- | --- |
| PX23 | Photo of Taser Probes in Plaintiff's Abdomen (DEF_303)* | Rules 402, 403 | Yes – bifurcation only |
| PX24 | Photo of Plaintiff's Injuries (PL_012) | Rules 402, 403 | Yes – bifurcation only |
| PX25 | Photo of Plaintiff's Injuries (PL_013) | Rules 402, 403 | Yes – bifurcation only |
| PX26 | Photo of Plaintiff's Injuries (PL_014) | Rules 402, 403 | Yes – bifurcation only |
| PX27 | Prisoner Pedigree Card (DEF_028)* | Rules 402, 403, 802 | No |
| PX28 | WestMed Medical Group Medical Records (DEF_136-229)* | Rules 402, 403, 802 | Yes |
| PX29 | Motion PT Group Medical Records (DEF_285-344)* | Rules 402, 403, 802 | Yes |

*Defendant's Exhibits*

| Exhibit | Description | Objections | Subject of motion in limine? |
| --- | --- | --- | --- |
| A | Body-Worn Camera (BWC) Footage Recorded by Angel Leon (DEF054**, DEF057*) | Relevance as to DEF057 only | No |
| B | BWC Footage Recorded by Antonella Jimenez** (DEF055) | | No |
| C | Mount Sinai Morningside Medical Records (DEF266-DEF303) | Hearsay | No |
| D | Sprint Reports* (DEF256-258) | Relevance, subject to testimony of officers that they saw the reports | No |

K.     **Stipulations of Uncontested Facts**

None. Plaintiff notes that Defendant has refused to stipulate that Officer Baltzer and Lieutenant Leon were employed by the New York City Police Department at the

9

time of the incident. Defendant notes that it is not required to stipulate to any facts. *See, e.g., Tardif v. City of New York*, 344 F. Supp. 3d 579, 606 (S.D.N.Y. 2018).

**L.     Statement of Damages**

The remaining categories of damages to be tried are: (1) mental and emotional pain and suffering; (2) physical pain and suffering; and (3) lost wages in the amount of $16,224.36.

**M.     Other Requested Relief**

Plaintiff does not seek other relief.

**N.     Unanimity**

The parties do not consent to less than a unanimous verdict at this time.

Dated:     September 22, 2023

| | |
|---|---|
| KAUFMAN LIEB LEBOWITZ & FRICK LLP | HON. SYLVIA O. HINDS-RADIX Corporation Counsel of the City of New York |
| ___/s/ Douglas E. Lieb___<br>Alanna Kaufman<br>Douglas E. Lieb | By: *Evan J. Gottstein*           /s/<br>Evan J. Gottstein<br>Assistant Corporation Counsel<br>Special Federal Litigation Division |
| 18 E. 48th Street, Suite 802<br>New York, New York 10017<br>(212) 660-2332 | 100 Church Street<br>New York, New York 10007<br>(212) 356-2262 \| egottste@law.nyc.gov |
| Counsel for Plaintiff Brian Harris | *Counsel for Defendant City of New York* |