```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
 BRIAN HARRIS,                                              :
                              Plaintiff,                    :
                                                            :     20 Civ. 10864 (LGS)
                 -against-                                  :
                                                            :            ORDER
                                                            :
 CITY OF NEW YORK,                                          :
                              Defendant.                    :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on August 28, 2023, Plaintiff and Defendant filed motions *in limine* in anticipation of trial. The motions are resolved as follows.

1. Plaintiff's motion to preclude Defendant from introducing evidence of Plaintiff's son's criminal record, arrests, convictions or prior bad acts is GRANTED under Federal Rule of Evidence ("Rule") 403. Defendant's proffered theory of relevance -- that the son's criminal history may have influenced Plaintiff's degree of resistance during his arrest -- is attenuated at best, and outweighed by the undue prejudice of possible bias against Plaintiff on account of his son when the focus should be the reasonableness of the officers' conduct.

2. Defendant's motion (I) to preclude Plaintiff from commenting on why individual officers are not defendants is GRANTED as unopposed. Plaintiff's cross-motion to preclude Defendant from suggesting that the individual officers did not commit a constitutional violation or were exonerated is also GRANTED because to do so would be incorrect and misleading. The parties shall not reference any of the Court's prior rulings in their evidence or argument.

3. Defendant's motion (II) to preclude Plaintiff from offering evidence concerning the NYPD Patrol Guide is DENIED because it is relevant to the determination of whether the force used was objectively reasonable. To ameliorate any prejudice, Defendant may submit a

proposed limiting instruction.  The parties shall attempt to agree on the instruction.  If they cannot, the parties shall submit their respective proposals before the final pretrial conference.

4. Defendant's motion (III) to preclude Plaintiff from testifying about his medical diagnosis and causation of any injuries is DENIED.  Plaintiff's alleged injury is relevant and essential to proving both liability and damages.  It is undisputed that Plaintiff may testify about what he felt and personally observed about his physical condition.  For example, Plaintiff may testify that he fell during the course of the arrest, how he fell in relation to his wrist, and how it felt thereafter.

Though disputed, Plaintiff may also testify about his lay-person's, common-sense view that he injured his wrist during the arrest.  The fact of injury from a fall is not beyond the everyday experience of Plaintiff and the jury, and the inference of causation does not require expert testimony to be admissible.  *Fane v. Zimmer, Inc.*, 927 F.2d 124, 131 (2d Cir. 1991) ("In many instances [the issue of causation] might be a matter within the experience and observation of the ordinary juryman."); *accord Tomaselli v. New York & Presbyterian Hosp.*, 728 F. App'x 41, 43 (2d Cir. 2018) (summary order) (holding that "competent medical expert testimony" to prove proximate cause is required if "the question is beyond the purview of the ordinary person").  Defendant may challenge this inference and the strength of the evidence before the jury.

Plaintiff may testify about his treatment by Dr. Rosenbaum, the fact that Dr. Rosenbaum employed diagnostic procedures and made a diagnosis, and Plaintiff's consequent decision to have surgery.  Plaintiff shall not state his diagnosis or repeat statements by Dr. Rosenbaum as they are hearsay, cumulative since Dr. Rosenbaum will testify, and potentially confusing coming from a lay person.  *See* Rules 801, 403.

5.     Defendant's motion (IV) to preclude Dr. Rosenbaum's testimony is DENIED. The essence of Defendant's argument is that his testimony is irrelevant without evidence connecting his treatment of Plaintiff's injury to the events in question.  As stated above, Plaintiff may provide evidence of causation and the jury will decide whether to accept that evidence.

6.     Defendant's motion (V) to bifurcate liability and damages for trial is DENIED because to do so would be inefficient as the evidence is overlapping.  Bifurcation would be confusing and the presentation of testimony would be awkward if witnesses were required to avoid discussing Plaintiff's alleged harm during the incident while addressing the incident.  Any prejudice resulting from improper sympathy can be addressed with a curative instruction, which Defendant may propose as above -- i.e., the parties shall attempt to agree on the instruction, and if they cannot, they shall submit their respective proposals before the final pretrial conference.

7.     Defendant's motion (VI) to instruct the jury that Plaintiff's arrest was lawful is DENIED as unnecessary and possibly prejudicial.  The jury will be instructed that the issue is not whether Plaintiff's arrest was lawful.

8.     Defendant's motion (VII) to preclude Plaintiff from inquiring into officers' disciplinary histories is GRANTED as unopposed.

9.     Defendant's motion (VIII) to preclude argument about other instances of unrelated police actions is GRANTED as unopposed.  In addition, Plaintiff may not argue that the jury should use their verdict to send a message or otherwise address general issues about police conduct or misconduct.  Such argument would raise issues that are irrelevant and would be unfairly prejudicial.

10.    Defendant's motion (IX) to preclude Plaintiff from suggesting a dollar amount to the jury except where a dollar amount is supported by non-speculative evidence is DENIED as a

matter of judicial discretion.  Defendant may request a limiting instruction as above -- i.e., the parties shall attempt to agree on the instruction, and if they cannot, they shall submit their respective proposals before the final pretrial conference.  In sum, it is hereby

**ORDERED** that (i) Plaintiff's motion to preclude Defendant from introducing evidence of Plaintiff's son's criminal record, arrests, convictions or prior bad acts is GRANTED; (ii) Defendant's motion to preclude Plaintiff from commenting on why individual officers are not defendants is GRANTED; (iii) Defendant's to preclude Plaintiff from offering evidence concerning the NYPD Patrol Guide is DENIED; (iv) Defendant's motion to preclude Plaintiff from testifying about his medical diagnosis and causation of any injuries is DENIED; (v) Defendant's motion to preclude Dr. Rosenbaum's testimony is DENIED; (vi) Defendant's motion to bifurcate liability and damages for trial is DENIED; (vii) Defendant's motion to instruct the jury that Plaintiff's arrest was lawful is DENIED; (viii) Defendant's motion to preclude Plaintiff from inquiring into officers' disciplinary histories is GRANTED; (ix) Defendant's motion to preclude argument about other instances of unrelated police actions is GRANTED and (x) Defendant's motion to preclude Plaintiff from suggesting a dollar amount to the jury except where a dollar amount is supported by non-speculative evidence is DENIED. The parties may propose limiting or curative instructions before the final pretrial conference, as stated above.

The Clerk of Court is respectfully directed to record only the preceding summary paragraph in the docket and to close the motions at Dkt. Nos. 91 and 93.

Dated: January 5, 2024
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE