

THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

EVAN J. GOTTSTEIN
*Assistant Corporation Counsel*
egottste@law.nyc.gov
Phone: (212) 356-2262
Fax: (212) 356-3509

January 23, 2024

**BY ECF**
Hon. Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:  <u>Brian Harris v. City of New York</u>, 20 Civ. 10864 (LGS)

Your Honor:

  I am an Assistant Corporation Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and one of the attorneys for defendant in the above-referenced matter. The parties write jointly to provide an update regarding certain issues discussed during the final pre-trial conference.

  With respect to the parties' proposed exhibits containing certain medical records (PX-28, PX-29, and DX-C), the Court directed the parties to meet and confer regarding the specific pages of medical records they intended to include in their exhibits as well as proposed redactions, and to write to the Court by today, January 23, 2024, regarding any disputes. Similarly, the Court directed the parties to meet and confer regarding proposed jury instructions on the issues of the relevance of the NYPD Patrol Guide, the risk of undue sympathy regarding plaintiff's alleged damages, and plaintiff's ability to suggest a specific dollar amount in closing argument. The parties' positions on these issues are set forth below.

  A.  <u>Plaintiff's Exhibit 28 (Westmed Records)</u>

  As the parties noted in their last letter, they have conferred and agreed upon redactions to the remaining medical records exhibit (PX-28) to be offered at trial. As discussed at the final pre-trial conference, defendant has withdrawn its objections to the pre-admission of Exhibit 28, subject to testimony regarding the substance of the records from a competent witness. Defendant reserves the right to object to the admission of portions of Exhibit 28 at the close of evidence to the extent that such testimony is not offered.

B. Proposed Instructions/Stipulation[1]

1. Specific Dollar Amount

The parties have agreed upon the following language for a jury instruction regarding plaintiff suggesting a dollar amount to the jury:

- In closing argument, plaintiff may suggest a specific dollar amount that he argues would be appropriate compensation for the injuries he claims. However, his suggestion is not evidence and any damages amount that you might decide to award must be based on the factors I just described.[2]

2. Relevance of the NYPD Patrol Guide

The parties have conferred regarding the proposed charge regarding the relevance of the NYPD Patrol Guide and the parties largely agree except for the highlighted language which defendant seeks to include, and which plaintiff opposes. Defendant respectfully submits that the highlighted language provides necessary context. Plaintiff respectfully submits that the highlighted language is misleading and unnecessarily duplicative of the last sentence in the instruction.

- Portions of the New York City Police Department Patrol Guide have been received into evidence. However, the issue in this lawsuit is not whether Officer Baltzer violated the Patrol Guide. The issue is whether plaintiff has proven that Officer Baltzer used force against the plaintiff that was objectively unreasonable under the circumstances. You may consider whether Officer Baltzer complied with the NYPD's rules and regulations in deciding whether Officer Baltzer's use of a taser was reasonable. However, the ultimate issue for you to decide is whether the use of a taser was objectively unreasonable under *all* of the circumstances known to Officer Baltzer at the time.[3]

C. Stipulation Regarding Video Exhibits

Finally, as discussed at the final pre-trial conference, the parties respectfully request that the Court read the following stipulation to the jury immediately prior to publishing the first exhibit containing body-worn camera footage (PX-3) to the jury:

---

[1] With respect to the Court's ruling on defendant's second motion *in limine*, defendant believes that the damages charge submitted in its proposed jury instructions sufficiently addresses this issue, but defendant reserves the right to propose an additional curative instruction in advance of the charge conference if warranted by the evidence at trial.

[2] The parties propose inserting this sentence to the end of the second paragraph of defendant's proposed "Damages" section in the parties' proposed final jury instructions to be read prior to closing arguments. *See* ECF No. 104.

[3] The parties propose including this language in the final jury instructions to be read prior to closing arguments.

2

- During the trial, you will see footage from the body-worn cameras of officers involved in this incident. You may notice that there is no audio for the first 30 seconds of each of the video exhibits containing body-worn camera footage. This is a normal feature of these body-worn cameras. The cameras automatically retain the 30 seconds of video without audio immediately preceding activation of the camera's "record" function, and the cameras begin recording audio at the moment when each officer activates their camera's "record" function.

The parties thank the Court for its consideration of this matter.

Respectfully submitted,

*Evan J. Gottstein*       /s/
Evan J. Gottstein
Assistant Corporation Counsel

cc:   Doug Lieb, Esq. (by ECF)
      Alanna Kaufman, Esq. (by ECF)
      *Attorneys for Plaintiff*