UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
BRIAN HARRIS,

                              Plaintiff,

              -against-

CITY OF NEW YORK,

                              Defendant.
------------------------------------------------------------- X

20 Civ. 10864 (LGS)

ORDER

LORNA G. SCHOFIELD, District Judge:

WHEREAS, at the January 16, 2024, pretrial conference, Defendant requested to except two testifying police officers from sequestration under Federal Rule of Evidence 615. Plaintiff opposed the request. The parties subsequently submitted letters in support of their respective positions;

WHEREAS, Rule 615 states that, either *sua sponte* or upon the request of a party, "the court must order witnesses excluded from the courtroom so that they cannot hear other witnesses' testimony." The Rule "codified a well-established common law tradition of sequestering witnesses as a means of discouraging and exposing fabrication, inaccuracy, and collusion." *United States v. Jackson*, 60 F.3d 128, 133 (2d Cir. 1995); *accord United States v. Teman*, 465 F. Supp. 3d 277, 322 (S.D.N.Y. 2020). Under Rule 615, sequestration is a matter "of right" by the party requesting it. *Jackson*, 60 F.3d at 134. However, Rule 615 contains exceptions for "one officer or employee of a party that is not a natural person, if that officer or employee has been designated as the party's representative by its attorney," Fed. R. Evid. 615(a)(2), and "any person whose presence a party shows to be essential to presenting the party's claim or defense." Fed. R. Evid. 615(a)(3). "In making a Rule 615 ruling, a district court must exercise discretion" and considers: "1) how critical the testimony in question is, that is, whether

it will involve controverted and material facts; 2) whether the information is ordinarily subject to tailoring such that cross-examination or other evidence could bring to light any deficiencies; 3) to what extent the testimony of the witness in question is likely to encompass the same issues as that of other witnesses; 4) the order in which the witnesses will testify; 5) any potential for bias that might motivate the witness to tailor his testimony; and 6) if the court is considering exempting the witness from sequestration under [Rule 615(a)(3)], whether the witness's presence is essential rather than simply desirable." *Jackson*, 60 F.3d at 135.  "[T]he rule carries a strong presumption in favor of sequestration" and "[t]he party opposing sequestration . . . has the burden of demonstrating why the pertinent Rule 615 exception applies." *Id.*

WHEREAS, Defendant asserts that "the Court may permit the City to designate more than one witness as a representative under Fed. R. Evid. 615(a)(2)."  In support of this conclusion, Defendant cites *Jackson*'s holding that, "[b]ecause the Rule does not expressly limit to one the number of exemptions per provision," it is within the trial court's discretion to except more than one witness under each subdivision of the Rule.  60 F.3d at 135.  But the Rule *does* limit to one the number of exemptions allowed under subdivision 615(a)(2).  At the time *Jackson* was decided, the Rule excepted "*an* officer or employee of a party which is not a natural person designated as its representative by its attorney." *Id.* at 133 (emphasis added).  The Rule was amended in 2011 and now specifies that it excepts "*one* officer or employee of a party that is not a natural person . . . ." Fed. R. Evid. 615(a)(2).  To allow two officers to be excepted under Rule 615(a)(2) would be at odds with the plain text of the exception.  The Committee Notes accompanying the 2011 Amendment affirm this reading, stating the intent "to clarify that the exception from exclusion for entity representatives is limited to one designated representative per entity;"

2

WHEREAS, Defendant has not sufficiently demonstrated that Lieutenant Leon's presence throughout the trial is "essential rather than simply desirable" to allow for an exception under Rule 615(a)(3).  *See Jackson*, 60 F.3d at 135.  Plaintiff has withdrawn the assault cause of action, the only claim implicating Leon.  This undermines Defendant's contention that Leon's presence is essential "to confer with him regarding the evidence presented regarding his own conduct, which forms the basis of plaintiff's assault claim."  It is hereby

**ORDERED** that Defendant's request that both Officer Baltzer and Lieutenant Leon be excepted from sequestration under Rule 615 is DENIED.  Either Officer Baltzer or Lieutenant Leon may be present in the courtroom throughout the trial as Defendant's designated representative under Rule 615(a)(2).  The other may not be present in the courtroom until he testifies.

Dated:  January 24, 2024
    New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**